## CIRCUIT COURT OF WISE COUNTY

Commonwealth of Virginia

v.

Carl Burton Hubbard

November 10, 1986

Case No. F85-178

By JUDGE J. ROBERT STUMP

In a bifurcated jury trial defendant, Carl Burton Hubbard, was found guilty of driving a motor vehicle on the public highways of Virginia after being declared an habitual offender. The jury recommended an eighteen-month sentence in the penitentiary.

Prior to trial defendant by counsel timely raised the issue of collateral estoppel or former jeopardy, which was overruled by the court. Now defendant raises the same issue in his motion to set aside the verdict.

### Facts

#### Town Misdemeanor Jury Trial

On July 6, 1985, a criminal complaint was filed against defendant by Town of Big Stone Gap police officer J. R. Wiandt pursuant to "46.1-192.1 Disregard and attempt to elude police" based on the following facts: "subject was operating a 1972 Cadillac. . . . S(ubject)-bound on Rt. # 23 Subject is known to be suspended (habitual offender) subject refused to stop for blue lights & siren proceeded into Woodland Trl. Ct. drove to top of roadway exited vehicle and ran away subject located several minutes later hiding behind wooden fence subject arrested for above charge." Based on this complaint a warrant of arrest

was issued accusing defendant of violating "Section 46.1-192.1". . . . "Disregard and attempt to elude police."

At the jury trial on October 24, 1985, Town of Big Stone Gap police officer Wiandt testified that he positively observed defendant driving the 1972 Cadillac; he pursued defendant for a "traffic offense" (being an habitual offender, which was not disclosed to the jury) turned on blue lights, tapped horn, later turned on his siren, but the defendant refused to stop; the defendant drove to a trailer court, stopped, got out of the car and ran; was later found hiding behind a fence close by; and the registered owner of the 1972 Cadillac was James Gilbert.

Defendant did not testify in the jury trial. But he called one witness in his defense, James Gilbert, who testified that he was driving the Cadillac near the trailer court at the time in question; he had been drinking alcohol in excess; he stopped the car when the police flipped the lights on and walked off; and did not see defendant that night.

The jury was instructed "the defendant is charged with the crime of failure to stop for a blue light and siren in the Town of Big Stone Gap." The court's order says that the jury found "the accused not guilty as charged in the warrant."

### Commonwealth Felony Jury Trial

A second separate jury trial was held on January 24, 1986, based on Commonwealth indictment F85-178 charging the same defendant with driving a motor vehicle on the public highways of Virginia after being declared an habitual offender. This indictment was based on Big Stone Gap police officer Wiandt's testimony of the events occurring on the same night of July 6, 1985.

At the second trial officer Wiandt testified substantially the same as he did in the prior misdemeanor jury trial. Again defendant did not testify. But again he presented the same witness, James Gilbert, registered owner of the Cadillac, who testified that he was driving the car, not defendant. The jury found defendant guilty.

### Law

"The doctrine of collateral estoppel means that when an issue of ultimate fact has once been determined

by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit." *Jones* v. *Commonwealth*, 217 Va. 231, 232 (1976); and *Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970).

Although "the burden is on the defendant to show that the verdict there necessarily decided the issues now in litigation," the U. S. Supreme Court in *Ashe* "requires that the question whether the rule of collateral estoppel applies in a given case is to be approached 'with realism and rationalty'." The Supreme Court established these guidelines: "Where a previous judgment of acquittal was based on a general verdict, as is usually the case, this (realistic and rational) approach requires a court to examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Jones* at p. 233; *United States* v. *Tramunti*, 500 F.2d 1334, 1346, cert. denied, 419 U.S. 1079 (1974); and *Ashe* at p. 444.

## Issue

The dominant issue for this court to decide is did the first jury decide that the defendant was not driving the Cadillac and therefore does collateral estoppel or former jeopardy attach and preclude the Commonwealth from trying the same defendant again on the same issue?

## Adaptation: Law and Facts

This court tried both the first misdemeanor (Town) jury trial and the second felony (Commonwealth) jury trial. The first trial was not recorded, but this court took extensive notes in both trials and will attempt to adapt the Supreme Court's legal guidelines to this case.

In the first misdemeanor (Town) jury trial defendant was charged under Virginia Code "§ 46.1-192.1 *Same; disregarding signal to stop by police officers; eluding police; penalties.* Any person who, having received a visible or audible signal from any police officer to bring his motor vehicle to a stop. . . or who shall increase his

speed and attempt to escape or elude such police officer, shall be guilty of a Class 2 misdemeanor."

In the first misdemeanor trial defendant did not offer a finding instruction that if he was not driving he should not be found guilty. But his only defense was that James Gilbert, registered owner of the car in question, was the driver, and therefore not him. The jury agreed with defendant and returned a general verdict of not guilty.

The jury in the first trial was instructed that they must believe beyond a reasonable doubt that defendant "failed to stop for a blue light and siren." Certainly the jury could not and did not conclude that defendant was walking when he failed to stop. That was not the law for which he was charged, the evidence, nor the oral argument of counsel in the first case. All the charges, evidence, argument and pleadings point only to the issue that the defendant was or was not driving a motor vehicle when he allegedly refused to stop for the audible and visible signals of the town police officer. Thus this issue impliedly became one of the elements to be proved beyond a reasonable doubt in the first trial. In the second felony trial the jury was instructed that they must believe beyond a reasonable doubt that the defendant was the operator of the motor vehicle.

The only realistic and rational conclusion is that the first and second juries had to believe beyond a reasonable doubt that defendant was driving the (Cadillac) motor vehicle. On this issue the jury acquitted defendant at the first trial.

The Commonwealth Attorney contends since there were different prosecutors (Town Attorney, Glenn Tankersley v. Commonwealth Attorney, Marty Large) and different parties (Town of Big Stone Gap v. Commonwealth of Virginia) that collateral estoppel does not apply. However, Carl Burton Hubbard, was the same defendant in both cases. Also the Town of Big Stone Gap police office Wiandt testified in both cases and presented evidence to the magistrate to initiate the warrant in the town misdemeanor case and to the grand jury to obtain a true bill on the indictment in the Commonwealth felony case. Both the misdemeanor warrant and the felony indictment were based on the same acts or facts occurring on the night of July 6, 1985. It is also noted that the Town Attorney, Glenn Tankersley, jointly presented the felony case and the town misdemeanor

warrant case to the General District Court at the preliminary hearing. The court is not conclusively persuaded that there were separate parties prosecuting these two separate cases.

As an aside this court did not believe the testimony of the defendant's witness, James Gilbert, at either jury trial. However, this court cannot and reluctantly will not substitute his opinion for that of the jury in the first trial.

It is true that defense counsel failed to present a finding jury instruction at the first trial that defendant was not the driver of the Cadillac. But the court will not hold this error of omission by the attorney against his client. Furthermore, defendant's sole defense at both trials was that he was not driving the Cadillac, and defense counsel vigorously argued this point to both juries.

Moreover town police officer Wiandt charged defendant ("a known habitual offender") in the misdemeanor warrant with "*operating a 1972 Cadillac*," and refusal to stop for blue lights and siren. Virginia Code § 46.1-192.1 explicitly states that a person who receives "a visible or audible signal from any police officer *to bring his motor vehicle to a stop*," and "attempts to escape or elude such police officer, shall be guilty of a Class 2 misdemeanor." (Italics mine).

## Conclusion

Although the court has tried, there is no other logical conclusion, after examining the record of the first jury trial, taking into account the criminal complaint, arrest warrant, evidence, charges, oral argument of counsel, and all other relevant matters, that the first jury grounded its verdict upon the issue that defendant was not the driver of the Cadillac. Therefore, the Commonwealth's indictment that the defendant was the operator of a motor vehicle after being declared an habitual offender is necessarily the very issue upon which the defendant seeks to foreclose from consideration. Since the first jury decided this issue in favor of the defendant, the Commonwealth cannot have a second bite at the apple.

Wherefore, the court sustains defendant's motion

to set aside the jury verdict on the grounds of collateral estoppel and/or former jeopardy.

In view of the above opinion it is unnecessary to address defendant's second issue of improper and prejudicial argument by the Commonwealth's Attorney.

The clerk shall draw an order dismissing Felony No. F85-178 from the court docket.